# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| SHANE ANTHONY SHUMATE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| DERRICK MARVIN and the DELAWARE | ) |
| COUNTY SHERIFF'S DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND JURY DEMAND

The Plaintiff, Shane Anthony Shumate, by counsel, Robert Owen Vegeler of the Vegeler Law Office LLC, alleges as follows against Defendants, Derrick Marvin and the Delaware County Sheriff's Department:

### I. NATURE OF ACTION

1. This is an action brought pursuant to 42 U.S.C. §§ 1981 and 1983 seeking damages for the unlawful and unconstitutional acts and omissions by Defendants that caused Deputy Derrick Marvin to shoot Shane Anthony Shumate at his home located at 419 E. Church Street, Eaton, Delaware County, Indiana 47338 on January 30, 2018.

2. Defendants' acts and omissions violated the Fourth, Fourteenth and Second Amendments to the United States Constitution and as the intentional tort of battery violated the laws and public policies of the State of Indiana.

## II. PARTIES

3. Plaintiff is Shane Anthony Shumate. Shane Shumate was an adult citizen of the United States and resident of Eaton, Indiana at the time of his being shot. Shane Shumate legally possessed a handgun in his home at the time of his shooting.

4. a. Defendant Derrick Marvin is a Delaware County Sheriff's Department deputy. Defendant Derrick Marvin is named in his individual capacities for purposes of Shane Shumate's constitutional and tort claims. At all times material, the Defendant Derrick Marvin acted under color of law for purposes of Shane Shumate's constitutional claims and within the scope of his employment for purposes of his tort claims.

b. Defendant Delaware County Sheriff's Department is named in its representative capacity. Defendant Delaware County Sheriff's Department employed Defendant Derrick Marvin who at all times material acted within the scope of his employment for purposes of Shane Shumate's tort claims. Defendant Delaware County Sheriff's Department is liable for the deputy sheriffs' torts under the doctrine of respondeat superior. Defendant Delaware County Sheriff's Department at all times material maintained a wrongful policy, practice, custom or procedure of failing to adequately train and/or supervise deputy sheriffs concerning the lawful and constitutional use of their firearms.

## III. FACTS

### A. EVENTS LEADING TO THE SHOOTING OF SHANE SHUMATE

5. On January 30, 2018 at approximately 9:17 p.m., Shane Shumate was lawfully in his home when law enforcement officers surrounded his home without announcing their presence or being visible and hid at various points around his home in the dark with weapons. The officers were responding to a domestic battery complaint filed by Yelenna Bonner Shumate

earlier in the evening for the purpose of questioning and possibly arresting Shane Shumate without an arrest warrant. Shane Shumate was walking through his home when he noticed a motion light was on at the back of his home. He had previous incidences of persons trespassing or otherwise causing safety concerns around his home. He possessed a .22 revolver he had given Yelenna for a Christmas gift. Shane Shumate secured the revolver, putting it in his shorts pocket and placing his right forearm over it, not holding it in his hand and proceeded toward the back door. Looking out the kitchen window, he observed what appeared to him, someone duck down behind his truck. He opened the back door of the house and upon opening the back door and stepping out on the back porch immediately without warning and without any identifying announcement or visibility by law enforcement, he was immediately shot in the upper left leg and through his left foot from shots fired by Defendant Derrick Marvin. He fell to the ground bleeding profusely. He was attended to medically and transported to Ball Memorial Hospital where he was airlifted to Methodist Hospital for an artery transplant and other emergency surgical procedures.

6. Shane Shumate lawfully at that time had in his possession in his home a handgun.[1]

7. That evening, Shane Shumate never pointed or raised the handgun he lawfully possessed in his home toward law enforcement officers.

8. Defendant Derrick Marvin's gunshots ruptured the skin, tissue and blood vessels of Shane Shumate's left leg and foot.

---

[1] Ind. Code § 35-47-2-1(b)(1) (unlicensed handgun carry at home lawful where "the person carries the handgun on or about the person's body in or on property that is owned, leased, rented, or otherwise legally controlled by the person"); *McDonald v. Chicago*, 561 U.S. 742 (2010); *D.C. v. Heller*, 554 U.S. 570, 635 (2008) (handgun ban unconstitutional where it prohibited possession of "lawful firearm in the home operable for the purpose of immediate self-defense").

9.  Shane Shumate was breaking no law by possessing a handgun in his home at the time Defendant Derrick Marvin shot him.[2]

10. At the time he was shot, Shane Shumate was not under arrest and there were no warrants for his arrest or the search of his home.

### B. PROCEDURAL HISTORY PRIOR TO THE FILING OF THIS ACTION

11. On July 24, 2018, Shane Shumate filed his Notice of Tort Claim against Defendants. This Notice is attached and incorporated into the Complaint as Exhibit A.

## IV. CLAIMS FOR RELIEF

*CONSTITUTIONAL RIGHTS CLAIMS*

### FOURTH, SECOND AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION
(ALL DEFENDANTS)

12. Under the Fourteenth Amendment and Fourth Amendment, state actors may not subject an individual to unlawful search and seizure or excessive force. However, Defendant Derrick Marvin's shooting of Shane Shumate and Defendant Delaware County Sheriff's Department's policy of failing to train and supervise its deputies subjected Shane Shumate to violations of the Fourth Amendment.

---

[2] Ind. Code § 35-41-3-2(a) ("[T]he general assembly finds and declares that it is the policy of this state to recognize the unique character of a citizen's home and to ensure that a citizen feels secure in his or her own home against unlawful intrusion by another individual or a public servant. By reaffirming the long standing right of a citizen to protect his or her home against unlawful intrusion, however, the general assembly does not intend to diminish in any way the other robust self defense rights that citizens of this state have always enjoyed. Accordingly, the general assembly also finds and declares that it is the policy of this state that people have a right to defend themselves and third parties from physical harm and crime."); *Cupello v. State*, Case No. 49A02-1406-CR-394 (Ind. Ct. App. March 11, 2015); *Gaddie v. State*, 10 N.E.3d 1249, 1254-55 (Ind. 2014); *Harper v. State*, 3 N.E.3d 1080 (Ind. Ct. App. 2014); *Briggs v. State*, 873 N.E.2d 129, 133 (Ind. Ct. App. 2007).

13. As a result of the intentional and wanton acts of Defendants, Shane Shumate suffered physical injury, pain, mental anguish, emotional distress and disability.

14. Under the Second Amendment, state actors may not interfere with an individual's lawful possession and use of a firearm or retaliate against an individual for his lawful possession of a firearm. However, Defendant Derrick Marvin's shooting of Shane Shumate and Defendant Delaware County Sheriff's Department's policy of failing to train and supervise its officers subjected Shane Shumate to violations of the Second Amendment.

15. As a result of the intentional and wanton acts of Defendants, Shane Shumate suffered physical injury, pain, mental anguish, emotional distress and disability.

*INDIANA STATE CLAIM*

BATTERY
(ALL DEFENDANTS)

16. Defendant Derrick Marvin may not cause the offensive touch to an individual or put him in reasonable apprehension of offensive touch and so cause damage to an individual.

17. However, based on the facts above, Defendant Derrick Marvin through his wrongdoing committed the tort of battery, causing harm and injury to Shane Shumate.

18. Defendant Derrick Marvin is liable for state torts committed within the scope of his employment and Defendant Delaware County Sheriff's Department is liable for the torts its deputies commit within the scope of their employment under the doctrine of respondent superior.

19. As a result of the tort against him, Shane Shumate suffered physical injury, pain, mental anguish, emotional distress and disability.

## V. PRAYER FOR RELIEF

Wherefore, Shane Shumate respectfully requests the Court:

A. Award compensatory damages against all Defendants for violations of constitutional law and state law;

B. Award punitive damages against individual Defendant Derrick Marvin for intentional violations of constitutional law;

C. Enter an injunction requiring Defendants return the handgun they seized from Shane Shumate to Shane Shumate;

D. Award Shane Shumate's attorney fees and legal costs pursuant to 42 U.S.C. § 1988 and Ind. Code § 34-23-1-1; and

E. Grant all other just and proper relief.

## JURY DEMAND

Shane Shumate demands a trial by jury in this action pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**VEGELER LAW OFFICE LLC**

By  /s/Robert Owen Vegeler
Robert Owen Vegeler (#947-02)
110 West Berry Street, Suite 1200
Fort Wayne, Indiana 46802
Ph:   (260) 407-6161
Fax:  (260) 407-6160
robert@vegelerlaw.com
Attorney for Plaintiff